IN THE UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GRADY NEWINGHAM                                                                        PLAINTIFF

V.                                            5:06CV00127 JMM

LARRY NORRIS, ET AL                                                                    DEFENDANTS

## ORDER GRANTING SUMMARY JUDGMENT

Pending is the Defendants' Motion for Summary Judgment. The Motion for Summary Judgment was filed in this case on January 17, 2008. Plaintiff filed his untimely response to the Motion on February 19, 2008. The response failed to comply with Local Rule 56.1(b) which states that the non-moving party "shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." Pursuant to Local Rule 56.1(c), "[a]ll material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party. . . ." Because the Plaintiff failed to controvert the Defendants' Statement of Facts, those facts are deemed admitted. *See Caffey v. Miller*, Case Number 4:05CV01124 GTE, Docket # 51(October 24, 2007); *Beavers v. Bretherick*, 227 Fed. Appx. 518 (8th Cir. 2007)(unpublished).

At a telephone conference held on February 21, 2008, the Court found that the Motion for Summary Judgment should be granted as to Defendants James Barnett and Phillip Baughman in both their official and individual capacities. Further, the Court found that the Defendants Bruce McConnell and Michael Hutchinson were immune from Plaintiff § 1983 claims for money damages in their official capacities. However, the Motion for Summary Judgment as to Plaintiff's claims for prospective injunctive relief in McConnell and Hutchinson's official

capacities was denied. Defendants' Motion as to Plaintiff's claims for prospective injunctive relief and monetary damages in McConnell and Hutchinson's individual capacities was also denied.

Subsequently, the Defendants' filed a Notice of Supplemental Authority citing additional case law to the Court. As a result, the Court has reconsidered the Motion for Summary Judgment as to Defendants McConnell and Hutchinson and finds that the Motion should be granted as to all of Plaintiff's claims against them.

## Undisputed Facts[1]

Plaintiff is an inmate at the Varner Super Max Unit of the Arkansas Department of Correction. Plaintiff has been an inmate in the ADC system for over ten years. Between January 2003 and February 18, 2005, Plaintiff was charged with, and found guilty of, more than 70 major disciplinary violations including 36 incidents of failure to obey staff, 12 incidents of insolence to staff, 4 incidents of assault, 1 incident of battery and 19 incidents of using abusive/obscene language.

On May 22, 2004, Correctional Officer Bruce McConnell ("McConnell") was assigned the task of handing out the mail on the cell block where Plaintiff was housed. At that time, Plaintiff was on punitive status and not permitted to have any mail other than First Class or Legal Mail. When McConnell did not give Plaintiff his magazines, Plaintiff became hostile, hitting and kicking his cell door, calling McConnell obscene names and shouting other profanities. McConnell issued several verbal directives to Plaintiff to stop but Plaintiff continued the behavior and responded that he would flood the entire cellblock. McConnell

---

[1] *See* Defendants' Statement of Undisputed Facts.

opened the trap door in Plaintiff's cell and ordered him to submit to handcuffs but Plaintiff refused and continued to kick his door and scream at McConnell.  After making several verbal attempts to get Plaintiff to stop kicking the cell door and to submit to handcuffs, McConnell administered a one-second burst of pepper spray to Plaintiff's upper body and face and requested assistance in removing Plaintiff from his cell.

Sergeant Jackson and Lieutenant Ellis responded and ordered Plaintiff to submit to handcuffs which Plaintiff did.  Plaintiff was escorted to an isolation shower where he was allowed to shower and was examined by medical staff.  The nurse who examined Plaintiff noted that he had no shortness of breath, voiced no complaints, had no injuries and had no signs of physical abuse or trauma.  Plaintiff's medical records do not reflect that he ever submitted a sick call request regarding any complaints following the May 22, 2004 incident or that he sought any medical treatment.

As a result of the May 22, 2004 incident, McConnell issued Plaintiff a major disciplinary charging him with four rule violations– creating unnecessary noise, insolence to a staff member, using abusive/obscene language to a staff member and lying to a staff member.  Plaintiff was found guilty of all four charges.

On February 13, 2005, an inmate or inmates flooded the cellblock where Plaintiff's cell was located. Sergeant Michael Hutchinson ("Hutchinson") was mopping up water and noticed water coming from under Plaintiff's cell door.  Suspecting Plaintiff could be involved in flooding the cell block, Hutchinson ordered Plaintiff to submit to handcuffs but Plaintiff refused.  In a hostile manner, Plaintiff "suddenly bent down turning around hiding his hands."  Hutchinson believed that Plaintiff was picking up something to assault him.  Based on Plaintiff's actions,

Hutchinson administered a one-second burst of pepper spray to Plaintiff's face and Plaintiff retreated to his bed. Hutchinson again gave the order to Plaintiff to submit to handcuffs and Plaintiff again refused. Hutchinson called for assistance from Lieutenant Phillip Baughman ("Baughman"). Plaintiff submitted to handcuffs for Baughman and Plaintiff was escorted to the shower area.

Plaintiff received a shower and was examined by medical staff. The nurse's notes indicate that Plaintiff had no visible signs of distress and no shortness of breath. Plaintiff complained of burning all over and was advised to take a shower. Plaintiff showered and was released to security. The nurse's notes do not reflect anything abnormal regarding Plaintiff's reaction to the pepper spray and Plaintiff did not submit sick call requests or seek medical attention for these alleged issues.

The water in the showers at the Varner Super Max is temperature-controlled to between 100 and 120 degrees Fahrenheit to protect inmates from scalding showers yet ensure that they maintain good hygienic practices.

As a result of the February 13, 2005 incident, Plaintiff was issued a major disciplinary by Hutchinson and charged with failure to obey verbal orders of staff and failure to keep his quarters in accordance with regulations. Plaintiff was found guilty of failure to obey verbal orders.

Defendants Barnett and Baughman

Plaintiff filed suit against the Defendants under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights to be free from excessive force. As stated on the record at the telephone conference held February 21, 2008, the motion for summary judgment is granted as to

Defendants James Barnett and Phillip Baughman for failure to state a claim.  Plaintiff has failed to set forth facts showing that these Defendants violated his constitutional rights by allowing him to take a hot shower after the February 13, 2005 incident or by allegedly laughing at him.  These actions, if taken as true, do not amount to excessive force.

<u>Defendants McConnell and Hutchinson</u>

Defendants McConnell and Hutchinson claim that they are entitled to qualified immunity as to Plaintiff's § 1983 claim.

> Qualified immunity may protect government officials from liability for civil damages, but it is not available if an official's conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.' . . .  The first question is whether the facts, taken in a light most favorable to the party alleging an injury, show a violation of a constitutional or statutory right.  If the answer is yes, the next question is whether that right was so clearly established that it would have been 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'  An officer is entitled 'to avoid the burden of trial' unless the answer to both questions is yes.

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002)(internal citations omitted).

Plaintiff claims that Hutchinson and McConnell violated his Eighth Amendment rights when they administered the pepper spray in his face and upper body on May 22, 2004 and February 13, 2005.  The Eighth Amendment "protects inmates from the unnecessary and wanton infliction of pain by correctional officers. . . ." *Id.* at 872 (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)("Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.'").

It is undisputed that Plaintiff was guilty of four rule violations– creating unnecessary noise, insolence to a staff member, using abusive/obscene language to a staff member and lying to a staff member- as a result of his behavior on May 22, 2004.  McConnell warned Plaintiff

5

several times to stop screaming, kicking his cell bars, and using obscene language. Plaintiff refused to stop. McConnell directed Plaintiff to submit to handcuffs. Plaintiff refused. In order to restore discipline, McConnell administered a one-second shot of pepper spray. Plaintiff has not presented any evidence to show that McConnell used the pepper spray maliciously or sadistically to cause him harm. Plaintiff merely states that McConnell did not follow ADC policy in administering the pepper spray. The Arkansas Department of Correction Varner Unit's Policy and Procedure states that chemical agents may be used if the use of non-deadly force is authorized. (Pl's Ex. 2 at p. 18). The Procedure also states that an inmate should be informed that chemical devices will be used unless he/she complies with orders. . (Pl's Ex. 2 at p. 19). Again, there is no evidence that McConnell failed to follow procedure. It is undisputed that McConnell warned Plaintiff to stop his behavior. The Eighth Circuit has stated that "a limited application of [non-lethal chemical agent] to control a recalcitrant inmate constitutes a 'tempered response by prison officials' when compared to other forms of force." *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000). The Court finds the force used by McConnell on May 22, 2004 to be reasonable under the circumstances.

The Court further finds that Defendant Hutchinson's use of pepper spray on February 13, 2005 was reasonable. It is undisputed that Hutchinson believed that Plaintiff was picking up something to assault Hutchinson. In response, Hutchinson administered the pepper spray on Plaintiff. It was reasonable under the circumstances for Hutchinson to fear for his safety. *See Jones,* 207 F.3d at 496 ("summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, has been placed in jeopardy"). Therefore, Plaintiff has not presented sufficient evidence to show a violation of a

clearly established constitutional right by the Defendants.

In conclusion, Defendants' Motion for Summary Judgment (Docket # 88) is GRANTED as to all Defendants. The Clerk is directed to close the case.

IT IS SO ORDERED this 25th day of February 2008.

_____
James M. Moody
United States District Judge